# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:   18-CV-3214

PEG BUNCH,

       Plaintiff,

v.

UNITED STATES DEPARTMENT OF EDUCATION,

       Defendant.

## COMPLAINT

### INTRODUCTION

1. This action is brought to remedy violations of the Freedom of Information Act, 5 U.S.C. § 552 et seq. ("FOIA"). Specifically, it challenges the failure of Defendant, the United States Department of Education (the "Department"), to make a determination and provide responsive documents within the time required by FOIA to respond to a request for information.

2. The Department failed to make any determination to Plaintiff Peg Bunch's ("Plaintiff") September 25, 2018, FOIA request. On September 25, 2018, Plaintiff duly requested records pertaining to the National Credit Services, Inc.'s (the "Collection Agency") agreements with the Department concerning the Department's use of the Collection Agency to collect defaulted student loans.

3. As of the date of this Complaint, Department has not provided any information in response to Plaintiff's request.

4. The Department is unlawfully withholding public disclosure of information that Plaintiff is entitled to receive under FOIA. The Department failed to comply with FOIA's statutory mandates and deadlines by failing to provide a final determination resolving this request within the time permitted. Accordingly, Plaintiff seeks declaratory relief establishing that the Department has violated FOIA. Plaintiff also seeks injunctive relief directing the Department to provide the requested material to Plaintiff.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (Freedom of Information Act) and 28 U.S.C. § 1331 (federal question). This Court may grant the declaratory relief under 28 U.S.C. §§ 2201, *et seq.* (Declaratory Judgment Act) and injunctive relief under 5 U.S.C. § 552(a)(4)(B) (Freedom of Information Act). An actual, justiciable controversy exists within the meaning of the Declaratory Judgment Act between Plaintiff and the Department. The Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

6. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

7. Plaintiff is an individual and resides in the County of Jefferson, State of Colorado.

8. Plaintiff is allegedly indebted to the Department for a student loan debt that is being collected by the Collection Agency.

9. The Department is a cabinet level department of the United States Federal Government. The Department has approximately 4,400 employees and a $68 billion

budget. Among other things, the Department is responsible for establishing policies on federal financial aid for education, and distributing as well as collecting those funds.

10. Among other options, the Department may collect defaulted student loans by referring the defaulted student loan to a private collection agency (PCA) for collection.

11. In the event that the Department refers a particular loan or pool of loans to a PCA, the Department may add the costs of collection to the outstanding balance of the loan and charge the student borrower for those costs. 34 C.F.R. § 30.60(a)(7).

12. When contracting with a PCA, the Department sets a fixed commission (or contingency fee) for collecting the defaulted student loan. This fee is set by contract between the PCA and the Department.

13. The Collection Agency is one such PCA. The Department awarded a contract to the Collection Agency, and the Collection Agency has been attempting to collect student loans from Plaintiff and others.

14. The Collection Agency has added a collection cost to Plaintiff's student loan, but has been circumspect or evasive about describing the means by which the Collection Agency (or Department) added the cost.

## LEGAL FRAMEWORK

15. Congress enacted FOIA to ensure public access to U.S. government records. FOIA carries a presumption of disclosure. The burden is on the government—not the public—to substantiate why information may not be released. Upon written request, agencies of the United States government are required to disclose those records, unless they can be lawfully withheld from disclosure under one of nine specific exemptions in FOIA.

16. FOIA requires agencies to "determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify

the person making such request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A).

17. Upon determination by an agency to comply with the request, the records shall be made "promptly available". 5 U.S.C. § 552(a)(6)(C).

18. In "unusual circumstances" an agency may extend the time limits for up to ten working days by providing written notice to the requester setting forth the unusual circumstance and the date on which the determination is expected to be dispatched. 5 U.S.C. § 552(a)(6)(B).

19. With respect to a request for which a written notice purports to apply the "unusual circumstances," the agency must: (1) notify the requester if the request cannot be processed within the time limit; (2) provide the requester with an opportunity to limit the scope of the request so that it may be processed within that time limit or provide an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request; and (3) make available its FOIA Public Liaison to assist in the resolution of any disputes between the requester and the agency. 5 U.S.C. § 552(a)(6)(B)(ii).

20. As a general matter, a FOIA requester must exhaust administrative appeal remedies before seeking judicial redress. However, if an agency does not adhere to certain statutory timelines (twenty workdays or thirty workdays in "unusual circumstances"), then by statute the requester is deemed to have fulfilled the exhaustion requirement. 5 U.S.C. § 552(a)(6)(C)(i).

**FACTS**

21. Plaintiff submitted a FOIA request to the Department requesting, among other things, the contract between the Department and Collection Agency.

22. More than twenty business days elapsed from the time of the request.

23. After twenty business days elapsed, the Department did not determine whether it would comply with Plaintiff's request or notify Plaintiff of why the Department would or would not comply. Instead, the Department responded as follows:

---

**Daniel Vedra**

| | |
|---|---|
| From: | Swafford, Christie |
| Sent: | Monday, October 15, 2018 12:08 PM |
| To: | 'dan@vedralaw.com' |
| Cc: | Swafford, Christie |
| Subject: | 18-02966-F |

Dear Mr. Vedra;
This letter is to inform you that the Department is currently still processing your request, however, according to the Program Office; due to the competing demands of staff's time working to respond to your request, we will be unable to respond within 20 working days of having received the request.

You have the right to seek further assistance from the Department's FOIA Public Liaison, Robert Wehausen. The Department's FOIA Public Liaison can be reached by email at robert.wehausen@ed.gov; by phone at 202-205-0733; by fax at 202-401-0920; or by mail at Office of the Chief Privacy Officer, U.S. Department of Education, 400 Maryland Ave., SW, LBJ 7C132, Washington, DC 20202-4536, Attn: FOIA Public Liaison.

Best Regards!

*Christie D. Swafford*
*Government Information Specialist*
*OM/OCPO/FSC*
*U.S. Department of Education*
*400 Maryland Avenue, 7C110*
*Washington, DC 20202*
*(202) 205-3691*
*(202) 401-0920-Fax*
*"Go where you are celebrated not where you are tolerated"-Author Unknown*

---

24. 5 After more than twenty business days elapsed, Plaintiff requested the Department to notify her what options that she had to limit the scope of the request to permit the Department to produce the requested records in a more timely manner.

00038108. 1                                                       5

25. The Department did not respond to Plaintiff's second request.

## COUNT I
## VIOLATION OF THE FREEDOM OF INFORMATION ACT:
## DECISION DEADLINE VIOLATION

26. The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

27. Plaintiff has a statutory right to have the Department process her FOIA request in compliance with FOIA.

28. Plaintiff's rights were violated when the Department unlawfully failed to respond to Plaintiff's request with a determination within the deadline imposed by FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

29. Plaintiff is entitled to a declaration that she is entitled to the records that she seeks.

30. Plaintiff is entitled to a mandatory injunction requiring the Department to comply with FOIA and provide the records that she seeks.

31. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA, for this violation. 5 U.S.C. § 552(a)(4)(E).

WHEREFORE, Plaintiff requests that this Court:

A. Declare that the Department's refusal to disclose the records requested by Plaintiff is unlawful;

B. Order the Department to make the requested records available to Plaintiff;

C. Award Plaintiff her costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

D. Grant such other and further relief as this Court may deem just and proper.

Dated: December 14, 2018

Respectfully submitted,

/s/ Daniel J. Vedra
Daniel J. Vedra
Vedra Law LLC
1435 Larimer St., Suite 302
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: dan@vedralaw.com